## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Josh Cannon, et al | * | |
| **Plaintiffs** | * | |
| v. | * | **Case No. 17-1889 RDB** |
| Sunset Grille, LLC, et al. | * | |
| **Defendants** | * | |

_____/

## JOINT MOTION FOR APPROVAL OF
## FLSA SETTLEMENT AGREEMENT

Plaintiffs, Josh Cannon ("Cannon") and Melvin Wallace ("Wallace") (collectively referred to as "Plaintiffs") on the one side, together with Sunset Grille, LLC ("Sunset Grille") and Micky Fins, LLC ("Micky Fins") (collectively referred to as "Defendants"), on the other side, jointly move this Court for an Order granting an approval of a Settlement Agreement reached in this Fair Labor Standards Act ("FLSA") action. [1]

In support of the foregoing, the parties submit the following:

1.      Within three years preceding the filing of this lawsuit, Plaintiff Cannon alleged that he worked for Sunset Grille and Plaintiff Wallace alleged he worked for Micky Fins and Sunset Grille.  Plaintiffs worked at various times and in various capacities for the Defendants. Sunset Grille and Micky Fins operate restaurant/bars in Ocean City, Maryland.

2.      Plaintiff Wallace alleges that he was not paid minimum wages or overtime from Micky Fins, LLC.

---

[1]      Plaintiffs also brought supplemental claims under the Maryland Wage/Hour Law, Md. Ann. Code § 3-401 et seq. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code § 3-501 et seq. ("MWPCL").  As discussed in ¶ 12, *infra*, there is a requirement that FLSA settlements be supervised by the Court or by the U.S. Department of Labor.  However, there is no corresponding requirement that settlements for MWHL or MWPCL be judicially approved.  Therefore, the focus on this Motion is on the FLSA claims brought by the

3.      Both Plaintiffs allege that they were not paid minimum wages and overtime in the proper amounts from Sunset Grille, LLC.

4.      Defendants Micky Fins and Sunset Grille expressly deny the Plaintiffs' claims or that any amounts of regular wages or overtime wages are owed to either of the Plaintiffs.

5.      After filing an Answer to this lawsuit, counsel for the Defendants and Plaintiffs engaged in written discovery, which included available hour of work and payroll records of the Plaintiffs.[2]

6.      Plaintiffs' counsel then had Elana Schulman, CPA/CFE,[3] calculate unpaid wages, including liquidated damages under the FLSA (and additional damages under the Maryland Wage Payment and Collection Law ("MWPCL"). Those calculations are attached as Exhibit 1 to this Motion.[4]

7.      For example, the calculations show that Melvin Wallace was owed $4,083.75 from Micky Fins, plus statutory enhancements. (Exh. 1; pg. 1). Additionally, the calculations show that Melvin Wallace is owed $9,436.18 from Sunset Grille, plus statutory enhancements. (Exh. 1; pg. 1). Finally, the calculations show that Josh Cannon is owed $23,826.77 from Sunset Grille, plus statutory enhancements. (Exh. 1; pg. 1).

8.      After substantial back and forth negotiations, Defendant Micky Fins agreed pay Plaintiff Wallace approximately 1.5x the amount Wallace alleges is owed to him, and Defendant Sunset Grille agreed to pay Plaintiffs Wallace and Cannon slightly over 1.66x the amounts allegedly sought by the Plaintiffs. While Defendants and Plaintiffs had their own

---

Plaintiffs, as that claim is the only claim that requires judicial approval.

[2]      Prior to reaching a settlement, the parties were on the verge of depositions that would have increased the amount of time and expense in this case.

[3]      Certified Public Accountant / Certified Fraud Examiner

[4]      The calculations are submitted to the Court to establish the historical fact that the calculations were performed, and from those calculations, the amounts allegedly owed to the Plaintiffs. Defendants do not agree that

manner of calculating damages (and bargaining around certain numbers), what is clear is that the Plaintiffs – by their own calculations - are receiving not just compensation for wages alleged owed, but also liquidated damages allegedly owed under the FLSA. Additionally, both Defendants agreed to pay a combined amount of $25,000.00 in fees and costs, which was negotiated separately and secondarily.

9.     As per the attached Settlement Agreement (Exh. 2), Plaintiff Wallace will recover $6,175.38 from Micky Fins. Micky Fins will also pay attorneys' fees and costs in the amount of $2,500.00. See Exh. 2.

10.     As per the attached Settlement Agreement (Exh. 2), Plaintiff Wallace will recover $15,992.56 from Sunset Grille.

11.     As per the attached Settlement Agreement (Exh. 2), Plaintiff Cannon will recover $39,944.09 from Sunset Grille.

12.     Sunset Grille will also pay attorneys' fees and costs in the amount of $22,500.00. (Exh. 2).

13.     Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)). "Nevertheless, '[c]laims for FLSA violations can ... be settled when the settlement is supervised by the [Department of Labor] or a court.' " Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval."). In

---

the Plaintiffs' calculations are necessarily accurate, and expressly deny that any unpaid wages are owed.

general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey v. Scotts Co. LLC,* No. PWG-13-3496, 2014 WL 2174751, at *2 (D. Md. May 23, 2014). Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.,* No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.,* No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC,* 748 F.Supp.2d 471, 478 (D.Md.2010)). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey,* 2014 WL 2174751 at *2 (*citing Saman,* 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.,* No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey* at *2 (*citing Lynn's Food Stores,* 679 F.2d at 1354).

14.     In this case, there were the following disputes of fact:

(a)     *Time Records*: Defendants produced time records for the Plaintiffs. Plaintiffs contended that those time records were inaccurate and that they worked hours in excess of what was recorded. This issue was particularly significant in the case of Micky Fins, as Micky Fins

denied that it ever employed Plaintiff Wallace for more than a day or two, claiming that they terminated the relationship after Plaintiff Wallace was unable to produce work authorization papers for purposes of immigration law compliance.

     (b)    *Compliance with Tip Credit*:  Defendants claimed that the Plaintiffs were verbally informed of the tip credit provisions of the FLSA.  Plaintiffs denied this allegation.

     15.    The amount of damages owed, if any, would have greatly varied depending upon the resolution of these issues by a jury.  There were no documents that concretely determined the amount of hours alleged by the Plaintiffs, whereas Defendants maintained clock-in/clock-out records which they have maintained are accurate.  Nevertheless, Defendants have agreed to resolve this case to avoid the costs of litigation and any potential exposure.  The current settlement contemplates the payment of monies to the Plaintiffs in amounts materially greater than the compensatory damages alleged by Plaintiffs.  In this case, the Plaintiffs are recovering what they allege are owed to them, along with a substantial amount of money alleged as liquidated damage.  The calculations of Plaintiffs' damages were performed in an adversarial context (in conjunction with Rule 26(a) disclosures).  Accordingly, there is evidence of the reasonableness of this settlement, which has been negotiated at arms-length.

     16.    There remain two additional issues requiring the Court's attention:  (1) the maintenance of continuing jurisdiction over this case to supervise the settlement payments; and (2) approval of the proposed payment for Attorneys' Fees and Costs.

     17.    With respect to the issue of continuing jurisdiction, the parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the settlement payments.  This provision fulfills the Court's proper supervisory role in assuring that no FLSA case is dismissed absent fair and reasonable wage payment to plaintiff workers.  The parties

bring to the Court the following paragraph set forth in the Settlement Agreement:

> **9. CONTINUING JURISDICTION.** The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel. Within fifteen (15) business days after the last payment made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

By approving this Settlement Agreement, the Court is agreeing to maintain continuing jurisdiction over this case, and once final payment is made, counsel will so notify the Court and the case shall be dismissed with prejudice. (Appropriate language is set forth in the proposed Order attached hereto to this Motion).

18. Finally, there remains the issue of Attorneys' Fees and Costs. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3. "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

19. Under the Settlement Agreement, Plaintiffs' counsel would receive $25,000.00 for Attorneys' Fees and Costs incurred. *See* Exhibit 2. Both parties submit that attorneys' fees and costs were negotiated separately and only after a resolution was reached with respect to the

Plaintiffs' settlement outcomes. Given the full and uncompromised relief to the Plaintiffs as to their respective minimum wage and overtime claims, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiffs' personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[5]

20.     Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiffs' counsel submits a Declaration together with a detailed billing statement. *See* Exhibit 3 (Counsel Affidavit and Fee Records). As detailed in the billing statement submitted by Howard B. Hoffman, Mr. Hoffman claims an hourly rate of $400.00,[6] and has worked 51.6 hours. *See id.* ¶ 4. As detailed in his billing statements (Exh. 3-B), Bradford W. Warbasse claims an hourly rate of $400.00, and has worked 12.6 hours. *See id.* In addition to the above, costs in this case amount to a total of $3,668.45. *See* Exh. 3 ¶ 5. As such, the total amount of attorneys' fees and expenses incurred by Plaintiffs' counsel in this litigation as of December 15, 2017 is approximately $28,945.45 ($20,680.00 in fees and $3,668.45 in expenses). (This will increase as counsel has continuing obligations in this case, even if this Settlement Agreement is approved). In light of these figures, the amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is

---

[5]     If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiffs, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *Kianpour*, 2011 WL 5375082 at *3 (citation omitted) (quotation omitted); see also *Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).

[6]     Mr. Hoffman has eighteen years of relevant legal experience and Mr. Warbasse has nearly 32 years of relevant legal experience. *See* Exh. 3, ¶¶ 4 & 11. The requested hourly rate – $400 an hour – fall within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was recently awarded to Hoffman and Warbasse in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400. Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

reasonable under the lodestar evaluation, and in fact represents a substantial reduction and compromise in the amount of attorneys' fees and costs claimed by counsel (a discount of $3,948.45 to be precise).

Wherefore, the parties request that this Court approve the proposed Settlement Agreement, and appropriate to approve of and assist the parties in implementing the terms of the Settlement Agreement.

Respectfully submitted,

_____/s/_____
John S. VanderWoude, Esq.
*Signed by Howard B. Hoffman with permission of*
*John S. VanderWoude*
Fed Bar No. 04882
Eccleston & Wolf, PC
Baltimore-Washington Law Center
7240 Parkway Drive, 4th Floor
Hanover, Maryland 21076
410-752-7474
vanderwoude@ewmd.com
Attorney for Defendants

_____/s/_____
Howard B. Hoffman, Esq.
Attorney at Law
Fed. Bar. No. 25965
600 Jefferson Plaza, Ste. 304
Rockville, Maryland  20852
301-251-3752
hhoffman@hoholaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December 2017, a copy of the foregoing Joint Motion for Approval of FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.


_____/s/_____
Howard B. Hoffman